

FILED

August 25, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 10:50 A.M.

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | | |
|---|---|---|
| **JUSTIN STEINZOR,** | ) | **Docket No. 2017-07-0242** |
| **Employee,** | ) | |
| **v.** | ) | |
| **KROGER LIMITED PARTNERSHIP I,** | ) | **State File No. 11015-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **SEDGWICK CLAIMS,** | ) | **Judge Amber E. Luttrell** |
| **Third-Party Administrator.** | ) | |

## EXPEDITED HEARING ORDER
## DENYING REQUESTED BENEFITS

This matter came before the Court on August 18, 2017, on Mr. Steinzor's Request for Expedited Hearing. Mr. Steinzor seeks medical and temporary disability benefits for an alleged work-injury to his hands. The central legal issue is whether he is likely to establish at trial that he suffered an injury arising primarily out of his employment. For the reasons set forth below, the Court holds Mr. Steinzor is not entitled to the requested benefits at this time.

### History of Claim

The hearing testimony and exhibits established the following facts. Mr. Steinzor worked for Kroger as a "Drug GM assistant manager." On January 29, 2017, Kroger moved Mr. Steinzor to the dairy department. After working one day in the cooler, he suffered "extreme discomfort" in his hands. Mr. Steinzor associated the discomfort with his exposure to cold temperatures. The parties stipulated Mr. Steinzor timely reported an injury to his hands on February 12, 2017.

Mr. Steinzor initially sought treatment one day after his symptoms began with his personal medical provider, Shari Tidwell, FNP, for complaints of a rash on his hands. Mr. Steinzor reported the rash was worse in the winter. On exam, FNP Tidwell noted "mild dermatitis and mild cracked knuckles." Mr. Steinzor returned to work and spoke to

1

Kroger's store manager, Mike Stephens, regarding a note from FNP Tidwell recommending he avoid exposure to cold temperatures. Mr. Steinzor requested Mr. Stephens move him to a different department, and Mr. Stephens directed him to continue working in the dairy department until he could meet with a human resources (HR) representative. Kroger's HR department did not contact Mr. Steinzor to set up a meeting; therefore, he continued working in the dairy department until his symptoms worsened. At the time Mr. Steinzor reported his injury, he stated his right hand was swollen and purple in color. He also stated both hands were ice cold. Kroger did not offer Mr. Steinzor a panel of physicians.

Mr. Steinzor next sought treatment from Lucy Sturdivant, FNP. FNP Sturdivant's record indicated a history of pain and color changes that began in Mr. Steinzor's hands ten years prior when exposed to cold temperatures. The history further provided Mr. Steinzor's hands had been stiff and swollen over the last several years, and he experienced pain with low temperatures. At the hearing, Mr. Steinzor disputed this history and stated his words were "misconstrued." He testified he told FNP Sturdivant he experienced redness and chaffing in his hands from bartending since 2010. He did not dispute telling her that his symptoms, including redness and swelling, worsened when he began working in a "constant cold environment" in the Kroger dairy department.

FNP Sturdivant examined Mr. Steinzor's hands, noted abnormal findings, and diagnosed unspecified hand pain and Raynaud's syndrome without gangrene. She commented, "It is evident patient has [a] significant condition which is triggered by cold. Even wearing gloves patient is very symptomatic." FNP Sturdivant also suggested that Mr. Steinzor avoid working in a cold environment and referred him to Dr. Alexander Alperovich, a vascular surgeon, for further evaluation.[1]

Mr. Steinzor next saw Dr. Alperovich and complained of severe, bilateral hand pain, redness, tightness, stiffness, numbness, weight loss, and edema. He associated his symptoms with his move to the dairy department. Dr. Alperovich's note indicated Mr. Steinzor provided a history of pain in the tips of his fingers in cold temperatures dating back to his childhood; however, Mr. Steinzor disputed this history and testified Dr. Alperovich also misconstrued his statements. He clarified he told Dr. Alperovich he experienced normal pain in his fingertips after playing in snow and ice as a child. Mr. Steinzor stated he saw Dr. Alperovich for less than ten minutes, and Dr. Alperovich only visually examined his hands. Dr. Alperovich diagnosed vasculitis and referred Mr. Steinzor to a rheumatologist for further evaluation. However, Kroger did not offer him a panel of rheumatologists.

---

[1] Kroger objected to FNP Tidwell and FNP Sturdivant's work restrictions submitted in the medical records attached as Collective Exhibit 5 since no physician restricted Mr. Steinzor from work. The Court finds the notes irrelevant to the dispositive issue at the hearing and references them in the history for context only.

Sedgwick subsequently sent Dr. Alperovich a letter requesting his causation opinion regarding Mr. Steinzor's condition. In response, Dr. Alperovich stated, in part, the cause of Mr. Steinzor's vasculitis was unknown. He concluded that Mr. Steinzor's condition "was not over 50% caused by work." Based on Dr. Alperovich's opinion, Kroger denied Mr. Steinzor's claim. Mr. Steinzor has not received any further medical treatment for his hand condition.

Mr. Steinzor has not worked since February 12, 2017.[2] He received no temporary disability benefits for his time off work. The parties were unsure if Kroger paid any bills associated with Mr. Steinzor's medical treatment for his hands.

## Findings of Fact and Conclusions of Law

To prove a compensable injury, Mr. Steinzor must show not only that his alleged injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence but also that it arose primarily out of and in the course and scope of his employment. Further, he must show, "to a reasonable degree of medical certainty that [his alleged work injury] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "'Shown to a reasonable degree of medical certainty' means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D) (2016).

However, because this case is in a posture of an Expedited Hearing, Mr. Steinzor need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015); Tenn. Code Ann. § 50-6-239(d)(1) (2016).

*Analysis*

The Court first notes that Kroger presented no testimony or proof disputing Mr. Steinzor's description of the events on February 12, 2017, or that he developed symptoms in his hands following his work-exposure to the cold temperatures in the dairy cooler. Further, there is no dispute that Mr. Steinzor timely reported his symptoms, and Kroger ultimately prepared a First Report of Injury. The Court finds Mr. Steinzor credible in his testimony regarding the discomfort he experienced in his hands and thus holds he came forward with sufficient evidence to establish an incident, or set of incidents, identifiable by time and place of occurrence as required by Tennessee Code Annotated section 50-6-

---

[2] The parties disputed the circumstances surrounding Mr. Steinzor not returning to work at Kroger. Based on the Court's holding, the Court finds this testimony irrelevant at this time.

3

102(14)(A) (2016). The question to be resolved is whether he appears likely to prove the incident or set of incidents is the primary cause of his condition and need for medical treatment. Applying the foregoing principles to the facts of this case, the Court cannot find at this time that Mr. Steinzor is likely to meet this burden.

The medical proof before the Court addressing medical causation for Mr. Steinzor's hand condition came from Dr. Alperovich, who concluded his condition was not more than fifty-percent caused by work. While FNP Sturdivant suggested Mr. Steinzor's on-the-job exposure to cold temperatures may have triggered his condition, this opinion is not from a physician and does not address the current legal standard for causation. The fact that Mr. Steinzor's hand condition might be triggered by his work to some unspecified degree is insufficient for the Court to find Mr. Steinzor's work exposure constituted more than fifty-percent of the cause of his disability or need for medical treatment considering all causes.

The Court recognizes that Mr. Steinzor disputes Dr. Alperovich's conclusions; however, Mr. Steinzor's disagreement with the physician's opinion, while genuine, is legally insufficient to refute Dr. Alperovich's conclusion. Concerning the employee's burden to produce medical proof, our Appeals Board held:

> In cases . . . where an employer has presented expert medical proof that the employee's condition is not work-related, the employee must present expert medical proof that the alleged injury is causally related to the employment when the case is not "obvious, simple [or] routine. While lay testimony may be probative on the issue of causation, it is insufficient to meet an employee's burden of proof in the absence of medical evidence.

*Berdnik v. Fairfield Glade Community Club, et al.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10 (May 18, 2017) (internal citations omitted).

Here, the only expert medical opinion addressing causation is contrary to Mr. Steinzor's position. Absent countervailing medical proof, the Court holds Mr. Steinzor did not come forward with sufficient medical evidence from which the Court may conclude he is likely to prevail at trial in establishing his injury arose primarily out of his employment. Thus, his request for medical and temporary benefits is denied.

### Penalty Unit Referral

Although Mr. Steinzor did not meet his burden of proving medical causation at this expedited hearing stage, the Court nevertheless finds Kroger may be subject to penalties for failure to provide a panel of physicians under Tennessee Code Annotated section 50-6-204 (2016). The Workers' Compensation Law authorizes the Bureau to assess penalties for an employer's failure to comply with this requirement. *See* Tenn.

4

Code Ann. § 50-6-118(a)(12) (2016).

Kroger stipulated Mr. Steinzor gave notice of a work-injury on February 12, 2017, and Kroger presented no proof that would explain why it failed to offer Mr. Steinzor a panel of physicians for his reported injury. Accordingly, this Court refers Kroger to the Penalty Unit of the Bureau of Workers' Compensation for investigation and assessment of a civil penalty based on its failure to provide a panel of physicians in accordance with section 50-6-204 (2016) and Tenn. Comp. R. & Regs 0800-02-01-.25 (2015).

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Steinzor's claim against Kroger and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. **This matter is set for a Status Hearing on October 16, 2017, at 3:00 p.m. Central Time. You must call toll free 855-543-5039 to participate in the hearing.**

**ENTERED this the 25th day of August, 2017.**

**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

5

# APPENDIX

Exhibits:
1. Affidavit of Justin Steinzor
2. Affidavit of Wendell Mathis
3. First Report of Injury
4. Wage Statement
5. Medical Records Index (collective)
6. Dr. Alperovich's causation opinion letter
7. Photos of Mr. Steinzor's hands (collective)
8. Kroger letter to Mr. Steinzor

Technical record:[3]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Prehearing Brief
5. Employer's Supplemental Prehearing Brief

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 25th day of August, 2017.

| Name | Via Email | Service sent to: |
|---|---|---|
| Justin Steinzor, Self-Represented Employee | X | captainsteinz@gmail.com |
| Newton Anderson, Esq., Attorney for Employer | X | sna@spicerfirm.com |
| Penalty Unit | X | WCCompliance.Program@tn.gov |

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims